ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
(702) 450-5400; Fax: (702) 450-5451
eservice@egletlaw.com
          -and-
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
(775) 324-1500; Fax: (775) 284-0675
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HABAKKUIA MALONE, RICHARD MOYER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>DEPOSITORS INSURANCE COMPANY, NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:21-cv-00574-RFB-BNW<br><br>**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO FILE AMENDED COMPLAINT** |

Plaintiffs HABAKKUIA MALONE and RICHARD MOYER ("Plaintiffs"), by and through their counsel of record, Robert T. Eglet, Esq., Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendants DEPOSITORS INSURANCE COMPANY,

NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, AND NATIONWIDE MUTUAL INSURANCE COMPANY (collectively, "Nationwide"), by and through their counsel of record, Richard C. Gordon, Esq. of the law firm SNELL & WILMER LLP, Michael H. Carpenter, Esq. of the law firm of CARPENTER LIPPS & LELAND, LLP, and Aneca E. Lasley, Esq. of the law firm ICE MILLER, for good cause shown, hereby stipulate and agree as follows:

1. Plaintiffs filed their Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829914-B. Nationwide removed this action to this Court on April 7, 2021.

2. On April 9, 2021, Nationwide moved to dismiss Plaintiffs' Complaint [ECF No. 7] (the "Motion").

3. Plaintiffs filed their Response to Nationwide's Motion on May 4, 2021 [ECF No. 17].

4. Nationwide filed a Reply in support of the Motion on May 6, 2021. [ECF No. 18].

5. That on February 9, 2021, the Honorable Richard F. Boulware, II heard Nationwide's Motion to Dismiss and dismissed with prejudice all claims except the breach of implied covenant of good faith and fair dealing claim, tortious bad faith claim, and the Deceptive Trade Practices Act claim, which were dismissed without prejudice. The Court granted Plaintiffs leave to file an Amended Complaint with respect to Plaintiffs' claims that were dismissed without prejudice on or before Friday, March 11, 2022 [ECF No. 29].

6. Because the claims that were dismissed without prejudice must be pled with particularity, Plaintiffs need additional time to review Plaintiffs' e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiffs' claims with particularity, Plaintiffs need additional time to thoroughly review their records to obtain this information. Plaintiffs will also have to request some of this information from third parties, which may take additional time.

7. Thus, the Parties hereby stipulate that Plaintiffs shall have an additional sixty (60) days to file an Amended Complaint.

8. That Plaintiffs' Amended Complaint shall be due on or before May 11, 2022.

9. That Nationwide shall have an extension of thirty (30) days to file a Motion to Dismiss Plaintiffs' Amended Complaint.

10. The Parties agree that discovery remains stayed pending Plaintiffs filing an Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiffs' Amended Complaint.

11. In this District, requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *See Federal Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information Solutions, Inc.*, 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019) (granting motion to stay discovery pending resolution of potentially dispositive motion to dismiss).

12. The Parties agree that Nationwide's anticipated Motion to Dismiss raises potentially dispositive legal and jurisdictional defenses to Plaintiffs' claims concerning Nationwide's auto insurance rates during the COVID pandemic.

13. Pending resolution of Nationwide's anticipated Motion to Dismiss, the Parties agree and stipulate to a stay of discovery including, but not limited to, any discovery obligations set forth in Fed. R. Civ. P. 26 and LR 26-1. The Parties are in agreement that a stay of discovery is warranted at this time. Moreover, discovery is not required to resolve Nationwide's anticipated Motion.

14. If the Court denies Nationwide's Motion to Dismiss, in whole or in part, the Parties agree to submit a Discovery Plan and Scheduling Order within thirty (30) days after entry of the Court's Order on the Motion.

15. The Parties respectfully suggest that good cause exists to enter the stipulated stay of discovery to preserve judicial and party resources and based on application of the factors set forth in paragraph 11, above.

16. The Parties represent that this stipulation is sought in good faith, is not interposed for delay, and is not filed for an improper purpose.

DATED this 10th day of March, 2022.　　　　DATED this 10th day of March, 2022.

**EGLET ADAMS**　　　　　　　　　　　　　　**SNELL & WILMER LLP**

*/s/ Robert T. Eglet, Esq.*　　　　　　　　　　　*/s/ Richard C. Gordon, Esq.*
ROBERT T. EGLET, ESQ.　　　　　　　　　RICHARD C. GORDON, ESQ.
Nevada Bar No. 3402　　　　　　　　　　　Nevada Bar No. 9036
DANIELLE C. MILLER, ESQ.　　　　　　　3883 Howard Hughes Pkwy., Ste. 1100
Nevada Bar No. 9127　　　　　　　　　　　Las Vegas, NV 89169
TRACY A. EGLET, ESQ.　　　　　　　　　　　　　-and-
Nevada Bar No. 6419　　　　　　　　　　　MICHAEL H. CARPENTER, ESQ.
400 S. Seventh St., Suite 400　　　　　　　CARPENTER LIPPS & LELAND, LLP.
Las Vegas, NV 89101　　　　　　　　　　　280 North High Street
　　　-and-　　　　　　　　　　　　　　　　Suite 1300
MATTHEW L. SHARP, ESQ.　　　　　　　　Columbus, OH 43215
Nevada Bar No. 4746　　　　　　　　　　　　　　-and-
MATTHEW L. SHARP, LTD.　　　　　　　　ANECA E. LASLEY, ESQ.
432 Ridge Street　　　　　　　　　　　　　ICE MILLER
Reno, NV 89501　　　　　　　　　　　　　Arena District 250 West Street
*Attorneys for Plaintiffs*　　　　　　　　　Suite 700
　　　　　　　　　　　　　　　　　　　　Columbus, OH 43215-7509
　　　　　　　　　　　　　　　　　　　　*Attorneys for the Nationwide Defendants*

## ORDER

Based upon the Parties' stipulation and GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED:

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: March 11, 2022

4